FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT - 4 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

JAMES MASTEN,

Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, AND POLICE OFFICER KEITH MURPHY,

Defendants.

---------------------------------------------------------X

DOCKET NO:

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV-07 4160

HURLEY, J.

WALL, M.J.

Plaintiff, JAMES MASTEN (hereinafter referred to as "MASTEN"), by his attorneys, LEVINSON & ASSOCIATES, P.C., complaining of the above-named defendants, hereby allege as follows upon personal knowledge and information belief

## NATURE OF ACTION

1. This is an action for money damages, attorney fees, costs, and such other, further and different relief as to this Court may seem just and proper against the defendants for violations of **plaintiff's civil, constitutional and statutory rights.**

## JURISDICTION

2. This action is brought to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is grounded upon 28 U.S.C. § 1331, 1343 (3) and (4), and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes pendent jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to hear and decide their claims which arise out of state law (hereinafter referred to as the "State Claims").

Plaintiff has complied with all of the necessary prerequisites to file this complaint.

**VENUE**

4. Venue is properly laid in this District under 28 U.S.C § 139(b)(1), this being the District in which at least one of the defendants resides.

**PARTIES**

5. Plaintiff was and still is a Citizen of the United States and resides at 42 Pearl Avenue, Holtsville, New York, 11742.

6. The defendant, COUNTY OF SUFFOLK, was and is a municipal corporation existing under and by virtue of the laws of the State of New York.

7. The defendant, SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter referred to as "POLICE DEPARTMENT"), was and is an agency and/ or department of the defendant, COUNTY OF SUFFOLK, duly organized and existing under and by virtue of the laws of the defendant, COUNTY OF SUFFOLK, and the State of New York.

8. That at all times herein mentioned, defendant KEITH MURPHY (hereinafter referred to as "MURPHY"), was a police officer employed by the defendant, POLICE DEPARTMENT and/or, COUNTY OF SUFFOLK.

9. That at all times herein mentioned, the defendant police officer was acting under color of State law with the authority bestowed upon him by the statutes, ordinances, rules, regulations, policies, customs, and practices of the defendants, COUNTY OF SUFFOLK, the POLICE DEPARTMENT and/or the State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHLAF ON THE PLAINTIFF**

10. This plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-9 with the same force and effect as if more fully set forth at length herein.

11. That on July 4, 2007, the plaintiff MASTEN, was detained by defendant police officer, KEITH MURPHY. On said date, Police Officer, MURPHY, while on duty and in uniform, arrived at plaintiff's home in a marked Suffolk County Police vehicle. MURPHY then proceeded to verbally assault and threaten Plaintiff in the driveway of his home. MURPHY then ordered and demanded that Plaintiff go into the house.

Officer Murphy then caused physical injuries including damage to plaintiff's chest, shoulders, head, neck and back, as well as, physical damage to plaintiff's home including but not limited to damaging of interior walls. MURPHY CONTINUED TO HIT plaintiff in his chest and throw plaintiff against the wall. This assault was caused in no part by plaintiff's actions in any way. Officer MURPHY made several threats of additional violence. To wit, Officer MURPHY stated "I will kill you if you try to call your wife's cell phone or at her mom's house."

12. That while the plaintiff MASTEN, was being detained by said defendant police officer and in his custody and the custody of the defendants, COUNTY OF SUFFOLK and POLICE DEPARTMENT, he was attacked and struck numerous times about his body, including his chest, abdomen, neck and back.

13. That the aforesaid attack was perpetrated upon plaintiff, MASTEN, by the defendant Police Officer, KEITH MURPHY.

14. That the aforesaid attack constituted an unlawful assault and battery and was perpetrated upon plaintiff, MASTEN, by the aforesaid defendant Police officer without just cause or provocation.

15. That at all times herein mentioned, the defendant police officer was acting under color of State law with the authority bestowed upon him by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendants, SUFFOLK OF COUNTY and POLICE DEPARTMENT.

16. That aforesaid attack against the plaintiff, MASTEN, deprived him of his constitutional right to be free from cruel and unusual punishment, to be secure un his person, to be free from unlawful and unreasonable seizure of his person, to be deprived of his liberty and due process, all in violation of his rights guaranteed under Fourth, Eighth, and Fourteenth Amendment of the Constitution of the United States.

17. That the foregoing deprivation of constitutional rights, as aforesaid, was promoted condoned, ratified and/or approved by defendants, COUNTY OF SUFFOLK, POLICE DEPARTMENT, and Police Officer KEITH MURPHY.

18. That the aforesaid attack committed upon the plaintiff, MASTEN, was in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

19. That as result of the aforesaid, plaintiff, MASTEN, was caused to suffer serious and severe personal injuries, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, MASTEN, and without any just cause or provocation.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**

20. This plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-19 with the same force and effect as if more fully set forth at length herein.

21. After the aforesaid attack was committed upon the person of the plaintiff, MASTEN, he was visibly and obviously severely injured, in extreme distress.

22. Thereafter, and while plaintiff, MASTEN, was in the custody and control of the defendant police officer, the said police officer delayed and denied said plaintiff immediate and necessary medical attention thereby aggravating and/or exacerbating the injuries that the said defendant police officer inflicted upon him, thus jeopardizing plaintiff's life and well-being.

23. That the denial of medical care by the said defendants caused the plaintiff, MASTEN, to be deprived of the right t be secure in his personal, free from cruel and unusual punishment, free from unlawful and unreasonable seizure of his person, all in violation of his rights guaranteed under the First, Fourth, Eighth and Fourteenth Amendment of the Constitution of the United States.

24. The at all times herein mentioned, the said defendant police officer was acting under color of State law with the authority bestowed upon him by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendant, COUNTY OF SUFFOLK and defendant, POLICE DEPARTMENT.

25. That the foregoing deprivation of constitutional rights, as aforesaid, was promoted, condoned, ratified and/or approved by defendants, SUFFOLK COUNTY POLICE DEPARTMENT and MURPHY.

26. That the aforesaid deprivation of medical treatment committed upon the plaintiff, was in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

27. That as a result of the aforesaid, plaintiff, MASTEN, was caused to suffer serious and severe personal injuries, theft of personal property, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, MASTEN, and without any just cause or provocation.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MASTEN**

28. This plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-27, with the same force and effect as if more fully set forth at length herein.

29. That the defendants, acting individually and acting in concert, sought to cover-up their aforesaid unlawful conduct and deprivations and violations of plaintiff, MASTEN's, constitutional and civil rights, and to deprive plaintiff, MASTEN, of his lawful right to seek redress therefore (hereinafter referred to as the "Cover-Up Scheme").

30. That the pursuant to the Cover-Up Scheme, and in furtherance thereof, defendant Police Officer, acting under color of State Law, undertook a course of conduct that violated the civil rights of the plaintiff, MASTEN, to wit:

a. They agreed and acted intentionally and falsely to incriminate the plaintiff for violating the law;

b. They agreed and acted intentionally to fabricate and contrive criminal charges against the said plaintiff;

c. They agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated charges against the said plaintiff;

d. They agreed and acted intentionally to fabricate and contrive criminal charges against the said plaintiff in order to falsely create justification for the aforesaid attack committed upon him, as aforesaid;

e. They agreed and acted together and/or with others to cover up the use of improper force and/or to inhibit any investigation into the aforesaid defendant police officers' use of improper and unlawful force.

31. Pursuant to the Cover-Up Scheme, and in furtherance thereof, defendant, Police Officer, did unlawfully and maliciously cause plaintiff, MASTEN, to be subjected to false allegations and criminal investigation.

32. That the Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, caused the plaintiff, MASTEN, to be deprived of the right to be secure in his person, free from cruel and unusual punishment, free from unlawful and unreasonable seizure of his person, all in violation of his rights guaranteed under the First, Fourth, Eighth and Fourteenth Amendment of the Constitution of the United States.

33. That at all times herein mentioned, the defendant police officer was acting under color of State law with the authority bestowed upon then by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendants, COUNTY OF SUFFOLK and POLICE DEPARTMENT.

34. That the aforesaid Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, were promoted, condoned, ratified and/or approved by the defendants, COUNTY OF SUFFOLK, POLICE DEPARTMENT and MURPHY.

35. That the Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, were in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

36. That as a result of the aforesaid, plaintiff, MASTEN, was caused to suffer

serious and severe personal injuries, damage to his reputation, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, MASTEN, and without any just cause or provocation.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MASTEN**

37. This plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-36, with the same force and effect as if more fully set forth at length herein.

38. Defendants, COUNTY OF SUFFOLK and POLICE DEPARTMENT owed a duty to Plaintiff to train and supervise and otherwise control its police officers in the use of coercion, intimidation, violation of constitutional guarantees and other matters incidental to the exercise of police functions.

39. Defendants, COUNTY OF SUFFOLK and POLICE DEPARTMENT failed to provide adequate training, supervision, and control of defendant, MURPHY, which failure constitutes negligence.

40. As a proximate result of Defendants, COUNTY OF SUFFOLK and POLICE DEPARTMENT's negligent failure to provide adequate training, supervision, and control of defendant, MURPHY, plaintiff has sustained permanent physical and mental injuries and he has incurred and will continue to incur medical bills and other expenses.

41. Defendants, COUNTY OF SUFFOLK and POLICE DEPARTMENT's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of

private citizens, including plaintiff herein. Plaintiff is thus entitled to monetary damages including exemplary.

**WHEREFORE**, plaintiff, demands a trial by jury on all issues set forth herein pursuant to F.R.C.P. 38(b); and demands judgment against the defendants, and each of them, in the First, Second, Third and Fourth Causes of Action under the Federal Claims for TEN MILLION ($10,000,000) DOLLARS in compensatory damages and TEN MILLION ($10,000,000) DOLLARS for punitive damages, further demands the cost, interest and attorneys fees in this action.

Dated: Plainview, New York
September 28, 2007

RONALD T LEVINSON